UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORANGE SOLUTIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:10-CV-2054-G |
| NET DIRECT SYSTEMS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Net Direct Systems LLC

("Net Direct"), to dismiss the claims asserted against it by the plaintiff, Orange

Solutions Inc. ("Orange"). *See generally* Defendant Net Direct Systems LLC's Motion

to Dismiss and Brief in Support ("Motion to Dismiss") (docket entry 8). For the

reasons discussed below, the motion is granted in part and denied in part.

## I. BACKGROUND

### A. Factual Background

In June of 2009, Orange entered into an agreement ("the agreement") with

Net Direct to sell a majority of Orange's assets. *See* Plaintiff's Original Complaint

("Complaint") ¶ 10 (docket entry 1). By the terms of the agreement, Orange agreed to sell its customer list and all physical assets to Net Direct in exchange for immediate cash payments and a declining percentage share of the sales secured from Orange's customer list for the two years following execution of the agreement. *Id.* ¶¶ 11-19. To ensure that Orange receives an accurate percentage share, the agreement requires Net Direct to regularly report to Orange the number of sales secured from Orange's customer list. See *id.* ¶ 21. Net Direct was required to begin reporting sales to Orange forty-five days after execution of the agreement. *Id.* The parties executed the agreement on June 1, 2009, *id.* ¶ 10, but Net Direct did not make any payments to Orange until almost a year later when Orange demanded that Net Direct do so. *Id.* ¶¶ 22-24. According to Orange, however, Net Direct has yet to comply with the agreement's reporting requirement. *Id.* ¶ 24; Motion to Dismiss at 5.

### B. Procedural Background

Orange, a Dallas-based company, filed suit against Net Direct, a North Carolina corporation with its principal place of business in North Carolina, for declaratory relief, fraud, breach of contract, negligence, gross negligence, and an accounting and audit. *See generally* Complaint. Orange seeks $400,000 in damages for each claim, and $500,000 in exemplary damages. *Id.* ¶¶ 4, 35, 43. Net Direct

now moves to dismiss for lack of subject-matter jurisdiction and the plaintiff's failure to state a claim for which relief may be granted. Motion to Dismiss at 2-3.[1]

## II. ANALYSIS

### A. Rule 12(b)(1) Standard

Rule 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. FED. R. CIV. P. 12(b)(1). Subject-matter jurisdiction must be resolved before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citation and internal quotation marks omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception."). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 180-81 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).

---

[1] The defendant also identifies Federal Rules of Civil Procedure 12(b)(4) and (5) as bases for dismissal. Motion to Dismiss at 1. Because the defendant fails to brief either of these issues, the court will not address them. N.D. Tex. Loc. R. 7.1(d).

In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). A party attempting to invoke federal-court jurisdiction bears the burden of establishing jurisdiction. *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *overruled on other grounds by Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381 (1994), *cert. denied*, 513 U.S. 811 (1994).

## 1. *Diversity Jurisdiction*

A district court has diversity jurisdiction over an action when no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). In the present case, Net Direct argues that Orange has failed satisfy the amount in controversy requirement. Motion to Dismiss at 2.

The damages claimed by a plaintiff controls the court's analysis of the amount in controversy, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. See, *e.g.*, *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 288 (1938); see also *St. Paul Reinsurance Company, Limited v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas*

*Company*, 63 F.3d 1326, 1335 (5th Cir. 1995). That the plaintiff may not be able to recover this amount is not a bar; rather, the court need only be convinced that the plaintiff's claim is made in good faith. *Red Cab*, 303 U.S. at 288-89. Here, Orange has asserted actual damages of $400,000 resulting from the breach of contract claim. Complaint ¶ 39. Nothing "from the face of the pleadings" makes it "apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Red Cab*, 303 U.S. at 289. Therefore, Orange has satisfactorily alleged an amount in controversy sufficient to confer this court with jurisdiction to resolve this dispute. Net Direct's motion to dismiss for lack of subject-matter jurisdiction is therefore denied.

### B. *Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009). The court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 1949. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]" -- 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). The

court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See *id.* at 1950, 1952.

### 1. *The Plaintiff's Claim for Breach of Contract*

Under Texas law, the essential elements of breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Valero Marketing & Supply Company v. Kalama International*, 51 S.W.3d 345, 351 (Tex. App.--Houston [1st Dist.] 2001, no pet.) (emphasis and citations omitted); *Smith International, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citations omitted). In the case *sub judice*, Orange alleges that the parties entered into a contract for Orange to sell a majority of its assets, including its customer list and all physical property, to Net Direct. Complaint ¶ 36. According to the complaint, Orange fully performed, but Net Direct initially breached the agreement by not paying the required initial sums (later rectified under threat of legal action) and has remained in breach by not providing the proper reporting to Orange. *See* Complaint ¶¶ 37-38. Orange alleges that it has suffered economic damages as a result of Net Direct's past and current breach of the agreement. *Id.* ¶ 39. Accepting these allegations as true, as the court must at this stage of the case,

*Twombly*, 550 U.S. at 555, the plaintiff has stated a colorable claim for breach of contract against Net Direct. *Valero*, 51 S.W.3d at 351. As a result, Net Direct's motion to dismiss Orange's breach of contract claim is denied.[2]

## 2. *The Plaintiff's Tort Claims*

Orange alleges that Net Direct was negligent, or grossly negligent, in its failure to comply with the terms of the agreement. Complaint ¶¶ 41-43. Under Texas law, tort claims are not cognizable when the injury suffered by the plaintiff is the "economic loss" resulting from a breach of contract. *Jim Walter Homes, Inc. v. Reed*, 711 S.W. 2d 617, 618 (Tex. 1986). In such situations, the "action sounds in contract alone." *Id.* Thus, without allegations of injuries independent of the breach of contract, the plaintiff's claims for negligence and gross negligence would be barred by Texas law. See *id*; *Southwestern Bell Telephone Company v. DeLanney*, 809 S.W. 493, 494 (Tex. 1991). Since Orange has only alleged injuries resulting only from Net Direct's breach of the agreement, Orange's claims for negligence and gross negligence are dismissed.

In addition to the negligence and gross negligence claims, Orange also pleads a claim of fraud against Net Direct. Under Texas law, the only cognizable fraud claim

---

[2] Net Direct has attached to its motion to dismiss evidence of its performance under the agreement, but the court has elected not to convert the present motion into a motion for summary judgment because notice of such was not provided to the parties. Nothing in this opinion, however, prevents either party from moving for summary judgment, if it so chooses, on the sole claim remaining in this case.

in a suit sounding in contract is fraud in the inducement of the contract. *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 46-47 (Tex. 1998); *Reservoir Systems, Inc. v. TGS-NOPEC Geophysical Company, Limited Partnership*, 335 S.W.3d 297, 302 (Tex. App.--Houston [14th Dist.] 2010, pet. denied). In federal court, under Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be pleaded with particularity. FED. R. CIV. P. 9(b) ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud. . . ."). The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997); see also *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (holding that Rule 9(b) requires the plaintiff to specify "the who, what, when, where, and how" of the alleged fraud). In its complaint, Orange does little more than recite the bare elements of fraud, never stating "with particularity" the facts or circumstances upon which it bases its claim. *See* Complaint ¶¶ 30-35. Because the complaint fails to satisfy Rule 9(b), the plaintiff's fraud claim is dismissed.

### 3. *The Plaintiff's Accounting and Audit Claim*

Orange also asserts a claim for an accounting and audit of Net Direct's sales to determine the exact amount owed to Orange under the agreement. Complaint ¶ 46. Orange fails to identify any legal authority for this claim, other than citing Texas Rule of Civil Procedure 172 in its response to the defendant's motion to dismiss. Plaintiff's Response to Motion to Dismiss and Brief in Support Thereof ("Response") ¶ 35 (docket entry 10). Texas' Rules of Civil Procedure, however, do not govern this suit because this case was originally filed in federal court. FED. R. CIV. P. 1, 81(c). Moreover, Orange does not appear to be asserting an independent legal claim; rather, Orange seems to be requesting that the court order Net Direct to produce information that should be easily ascertainable through discovery. See *Simpson v. Canales*, 806 S.W.2d 802, 812 (Tex. 1991); see also *In the Matter of Coastal Nejapa, Limited*, 2009 WL 2476555 at *5 (Tex. App.--Houston [14th Dist.] Aug. 13, 2009, no pet.) (mem. op., not designated for publication) ("In light of the availability of discovery and the relatively straightforward nature of the claims, we hold that this is not an 'exceptional case' in which . . . the appointment of an auditor is 'necessary for the purpose of justice between the parties'"). If Orange prevails on the merits of its breach of contract claim and damages have not reasonably become clear through discovery, Orange may renew its request for an accounting and auditing as it deems necessary. But on the present record, the court concludes that the plaintiff's claim for

accounting and audit does not state a plausible claim for which relief may be granted. *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S.Ct. at 1949-50. The claim is dismissed.

### 4. *The Plaintiff's Claim for Declaratory Relief*

Under Texas law, a party to a written contract "may have determined [by declaratory judgment] any question of construction or validity arising under the . . . contract." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 2011). Here, both parties acknowledge that the contract is valid. Motion to Dismiss at 3, 5; Complaint ¶¶ 36-39. Consequently, declaratory relief is not proper in this case because the only issue before the court is whether the defendant breached the agreement. See *Indian Beach Property Owners' Association v. Linden*, 222 S.W.3d 682, 699 (Tex. App.--Houston [1st Dist.] 2007, no pet.) ("If a factual dispute is the only issue to be resolved, a declaratory judgment is not the proper remedy"); see also *Brooks v. Northglen Association*, 141 S.W. 3d 158, 163-64 (Tex. 2004). The plaintiff's claim for declaratory relief is dismissed.

### C. Motion for a More Definite Statement

When a party moves for a more definite statement, "the court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). Federal Rule of Civil Procedure 8(a)(2) simply requires that a claimant give "a short and plain statement of the claim showing that the pleader is entitled to relief,"

and *Twombly* and *Iqbal* have interpreted "short and plain" to mean that the plaintiff must plead enough facts to state a claim that is "plausible on its face." FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S.Ct. at 1949-50. The court does not believe that plaintiff's surviving claim -- the breach of contract claim -- is so vague that the defendant cannot reasonably respond to it. The defendant's motion for a more definite statement is therefore denied.

### III. <u>CONCLUSION</u>

For the above stated reasons, the defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. All of the plaintiff's claims against Net Direct, save the breach of contract claim, are **DISMISSED** for failure to state a claim on which relief may be granted. The defendant's motion to dismiss the plaintiff's breach of contract claim is **DENIED**, and its motion for a more definite statement is also **DENIED**.

**SO ORDERED**.

June 20, 2011.

_____

**A. JOE FISH**
**Senior United States District Judge**